Sarabjit SINGH, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–3882–AG.**

United States Court of Appeals, Second Circuit.

Jan. 8, 2007.

Because the Court did not receive a brief from the respondent within fifteen days of the July 10, 2006, due date specified in the scheduling order issued on June 12, 2006, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d), for Respondent.

PRESENT: Hon. JOHN M. WALKER, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part, and DISMISSED for lack of jurisdiction in part, the BIA's order is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this decision. The petitioner's motion for stay of removal is GRANTED pending a decision from the BIA on remand.

Petitioner Sarabjit Singh, a native and citizen of India, has filed a petition for review of a June 29, 2004 order of the BIA denying his third motion to reopen. *In re Sarabjit Singh*, A75 971 112 (B.I.A. June 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an

Sarabjit Singh, Richmond Hill, New York, for Petitioner, pro se.

arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The regulations state that individuals may file only one motion to reopen, 8 C.F.R. § 1003.2(c)(2), and there is no dispute that Singh had filed three motions to reopen with the BIA. The regulations provide for three exceptions to the numerical limitations, including: 1) certain motions filed from in absentia orders, 2) motions filed pursuant to "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered," or 3) jointly filed motions. 8 C.F.R. § 1003.2(c)(3).

█ In this case, the BIA abused its discretion in rejecting Singh's motion to reopen as numerically barred without considering whether the motion fell within one of the exceptions. The regulations state that a motion to reopen will not be granted unless the movant offers evidence that was material and "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(2). Singh submitted previously unavailable evidence; namely, the affidavits from his parents describing their arrests in February 2004. These arrests had not occurred at the time of Singh's previous motions, and Singh filed this most recent motion to reopen only two months after this incident allegedly occurred. Moreover, the arrests of Singh's parents occurred in India, and as a result, they could fall within the "changed circumstances arising in the country of nationality" exception. Since these affidavits were both previously unavailable and relevant to one of the exceptions to the numerical bar, the BIA erred in failing to consider them as part of its analysis. *See Shou Yung*

*Guo v. Gonzales*, 463 F.3d 109, 115 (2d Cir.2006).

█ Singh also argues that his proceedings should be reopened based on an approved I-730 Refugee/Asylee Relative Petition. Singh attached the receipt and approval forms to his brief, and those forms indicate that the petition was filed by his wife in February 2005 and approved in January 2006. It does not appear that Singh has filed a motion to reopen with the BIA requesting adjudication of his adjustment of status application. As a result, any claim related to Singh's approved I-730 petition is not exhausted, and this Court lacks jurisdiction over it. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006).

Accordingly, the petition for review is GRANTED in part, DISMISSED for lack of jurisdiction in part, the BIA's order is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this decision. The petitioner's motion for stay of removal is GRANTED pending a decision from the BIA on remand. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).